Eric K. Helmy, WSBA #43554
Attorney for Plaintiff
NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
eric@nwbizlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BMC TRANSPORT, INC., an Arkansas corporation,

    Plaintiff,

vs.

AMAZON.COM, INC., a Delaware corporation,;

    Defendant.

No.: 2:18-cv-00060

**COMPLAINT FOR DAMAGES**

(Quasi-Contract (Promissory Estoppel))

JURY TRIAL DEMAND

MAY IT PLEASE THE COURT, COMES NOW Plaintiff BMC TRANSPORT, INC., and alleges as follows:

**Parties**

1. Plaintiff BMC Transport, Inc. (BMC) is an Arkansas corporation, to whom Defendant Amazon.com - by and through its dba Amazon Transportation Services ("Amazon" or "ATS") made various promises and representations as to certain routes upon which BMC would run freight for ATS.

2. Defendant Amazon is a Delaware company with substantial operations in Washington State.

COMPLAINT FOR DAMAGES

Page 1

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

**Statement of Facts**

3. Between February and June of that year, ATS agents, including Craig S. Farnham (Program Manager for ATS), represented to BMC that ATS wanted to engage BMC for the purposes of executing transport from Dallas/Ft. Worth to Denver.  Technical discussions and efforts followed regarding terms for the parties' engagement, the details of which included:

    a. On June 22, 2016, Mr. Farnham advised BMC of the pay rate, and confirmed "14 turns" from Dallas/Ft. Worth to Denver, CO.;

    b. Per Mr. Farnham, the 14 runs a week would equate to 5950 miles per truck (BMC was to be paid by the mile), and would require four trucks and five teams of drivers;

4. In reliance on Amazon's promises of routes, BMC worked up Pro formas for anticipated profits and expenses.

5. On or about June 24, 2016, Amazon Transportation Services sent correspondence to BMC Transportation, stating in pertinent part:

    - "Thank you for choosing to partner with ATS (Amazon Transportation Services).  In order to better service our customers, we require your ATS capacity be doubles certified, trained, and ready ASAP."
    - "Please provide a plan on how you will manage that every driver you provide run Amazon loads will be doubles certified, trained and ready."

6. On June 27, in reliance on Amazon's representations, BMC purchased four Volvo Trucks for total of $535,556.88, and total obligation with financing of $598,135.32. Additional steps that Amazon took – to its detriment – in reliance upon Amazon's promises and statements, included:

COMPLAINT FOR DAMAGES

Page 2

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

    a. By June 26, BMC had also undertaken related additional costs of $6824.50;

    b. By June 28, 2016, BMC Transportation had undertaken steps to bring its forthcoming ATS-related services into compliance with applicable regulations of the US DOT's Federal Motor Carrier Safety Administration, as reflected in a letter from that agency;

    c. By July 5, 2016, BMC had posted an advertisement for "Class A CDL Drivers for Amazon." In response to a query about the ad, BMC VP Mike Hicks stated "The miles Amazon is telling us should average 5900 miles per week."

7. Subsequently, Amazon broke its promise by choosing not to deliver the DFW-Denver routes that it had represented would be BMC's. BMC would not have undertaken the actions (detrimental to itself) outlined above (at paragraph 6) but for Amazon's representations to the effect that BMC would run the DFW-Denver routes.

8. At the time of said representations by Amazon and BMC's detrimental reliance on the same, there was no written contract between the parties.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter per 28 USC § 1332. Diversity of residency between the parties is complete, and the amount in controversy exceeds $75,000

10. The Western District of Washington (at Seattle) is the proper venue for this dispute, as Defendant's headquarters are located in Seattle, Washington.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF - Quasi-Contract (Promissory Estoppel)

11. Plaintiff re-asserts and reincorporates each of the statements of paragraphs 1-10, *supra*,

COMPLAINT FOR DAMAGES

Page 3

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

herein in their entirety.

12. As alleged above, ATS made various promises and representations to BMC, that it should reasonably have expected would caused BMC to change its position (to BMC's detriment). Indeed, ATS made specific representations and provided instructions that it knew or should have known would have the effect of enhancing the ostensible credibility of its promises, to wit:

- ATS' representations that BMC would be responsible for certain routes and mileage;
- ATS rendered specific instructions, i.e. June 24, 2016 statement that "we require your ATS capacity be doubles certified, trained, and ready ASAP;"

At all relevant times, ATS knew or should have known that status as the transportation arm of one of the nation's largest retailers would make its promises and representations particularly potent - its commercial routes are thus very valuable, and any given local transportation company would therefore be highly motivated to secure ATS' business.

13. Amazon's promises did in fact cause BMC to change its position.

14. BMC was justified in relying upon ATS' promises, in such a manner that injustice can only be avoided by enforcement of ATS' promise(s).

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

15. For economic damages in an amount to be proven at trial, but in an amount not less than the greater of:

    a. The expenses that Plaintiff accrued in reliance upon Defendant's promises (not less than $604,959.82, per paragraph 6, *above)*, plus any and all consequential

COMPLAINT FOR DAMAGES

Page 4

NW BUSINESS LAW LLC
1700 7TH AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM

      damages;

      b. The value of ATS's broken promises (the amount of profits that BMC could reasonably have expected had ATS kept its promises, plus, the value of Plaintiff's costs accrued, *supra*).

16. For the costs of suit;

17. For any and all additional relief that the Court may grant per its powers at law or in equity.

DATED January 16, 2018.

NW BUSINESS LAW LLC

By: _____
Eric Helmy, WSBA #43554
Of Attorneys for Plaintiff
BMC TRANSPORT, INC.

COMPLAINT FOR DAMAGES

Page 5

NW BUSINESS LAW LLC
1700 7ᵀᴴ AVE. #2100
SEATTLE, WA 98101
(206) 209-0069
WWW.NWBIZLAW.COM